UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH ANN BUCZEK,

                Plaintiff,

    v.

HSBC N.A., ET AL.,

                Defendants.

**DECISION AND ORDER**
15-CV-830S

## I. INTRODUCTION

Presently before this Court is pro se Plaintiff Deborah Ann Buczek's complaint and Motion for Leave to Proceed *In Forma Pauperis*. (Docket Nos. 1 and 2.)  Because Buczek meets the statutory requirements of 28 U.S.C. § 1915 (a), her request to proceed *in forma pauperis* will be granted.  The granting of this status triggers the screening provisions in 28 U.S.C. § 1915 (e)(2)(B).  For the following reasons, Buczek's complaint will be dismissed.

## II. BACKGROUND

Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since Buczek is proceeding pro se, this Court has considered her submissions and arguments accordingly.

Under 28 U.S.C. § 1915 (e)(2)(B), a court must dismiss a case in which *in forma pauperis* status has been granted if, at any time, the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  If the court plainly lacks jurisdiction to consider the complaint, dismissal of the complaint as "frivolous" under 28 U.S.C. § 1915 (e)(2) is proper.  See McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 30 (2d Cir. 1996).  The screening process is intended to be "an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)).

Section 1915 (e)(2)(B) and Rule 12 (b)(6) of the Federal Rules of Civil Procedure allow for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim.  FED. R. CIV. P. 8 (a)(2).  "Specific facts are not necessary;" the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007)) (internal quotation and citation omitted).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief."  Twombly, 550 U.S. at 555.

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.

2007).   Legal conclusions, however, are not afforded the same presumption of truthfulness.   See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)  ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1945 (quoting Twombly, 550 U.S. at 570).   Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S.Ct. at 1949.  The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief.  Id. at 1950; FED. R. CIV. P. 8 (a)(2).  Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).  This examination is context specific and requires that the court draw on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950.  First, statements that are not entitled to the presumption of truth, such as conclusory allegations, labels, and legal conclusions, are identified and stripped away. See Iqbal, 129 S.Ct. at 1950.  Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to

3

determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

In pro se actions, the United States Supreme Court has rejected the idea that the plausibility standard requires amplification with factual allegations to render the claim plausible. In Erickson, the Supreme Court reversed the dismissal of a prisoner's Eighth Amendment claim, holding that the court of appeals had "depart[ed] from the liberal pleading standards" of Rule 8(a). Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson, 127 S.Ct. at 2200). Although the Court did not clarify when the plausibility standard requires factual amplification, it noted that "a pro se complaint however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 127 S.Ct at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Upon determination that a *pro se* complaint is deficient, a court will generally afford the plaintiff an opportunity to amend or to be heard before dismissal, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Abbas*,* 480 F.3d at 639 (2d Cir. 2007) (quoting Gomez v. USAA Fed. Savings Bank*,* 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)). But leave to amend need not be afforded when amendment would be futile, such as when the proposed claim could not withstand a Rule 12 (b)(6) motion. See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

Buczek's complaint in this case—spanning a bewildering 471 pages, with attachments—is a disconnected aggregation of citations and excerpts from various legal authorities, newspapers, and unidentified sources that serve only to obfuscate what appears to be Buczek's attempt to rescind a 23-year-old loan secured by her primary dwelling, to have her past loan payments returned to her, and to collect actual and statutory damages.   Although Buczek scatters references to various criminal and civil statutes throughout her complaint, including the Fair Debt Collection Practices Act, "Civil RICO," "defamation of character," and the False Claim Act, her scant factual allegations relate only to claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and possibly N.Y. Gen. Bus. Law § 349.   Consequently, any federal claims under any statutes other than TILA are dismissed for failure to state a claim upon which relief can be granted.

The only claim that can be gleaned from Buczek's complaint is that various individuals and entities violated TILA (and possibly N.Y. Gen. Bus. Law § 349) by failing to recognize her rescission of "a note for $110,536" executed on April 20, 1994, which was secured by her principal dwelling at 7335 Derby Road in Derby, N.Y.   (Complaint, ¶¶ 61, 62-64.)   Buczek alleges that she exercised her right to rescind this transaction on July 20, 2015, when she sent written correspondence to "all known parties in interest." (Complaint, ¶ 69.)   The basis for Buczek's rescission is that she did not receive certain documents required under TILA at the time the note was executed.   (Complaint, ¶ 65.) Buczek alleges that the defendants ignored her rescission correspondence or, in the case of Defendant HSBC N.A., refused to accept it.   (Complaint, ¶¶ 71, 72, 76.)

Buczek asserts that she properly rescinded the note under 15 U.S.C. § 1635. (Complaint, ¶ 73.)  She seeks a declaration to that effect as well as actual and statutory damages.

## III. DISCUSSION

### A.    Truth in Lending Act

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."  15 U.S.C. § 1601 (a).

Under TILA, a borrower who enters a credit transaction secured by his or her principal dwelling has a statutory right to rescind the transaction "until midnight of the third business day following the consummation of the transaction," or until the lender delivers certain forms and disclosures required by TILA, whichever is later.  See 15 U.S.C. § 1635 (a); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998) ("Under [TILA], when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately.").  If the lender fails to provide the forms and disclosures required by TILA, the borrower's right to rescind expires three years after the consummation date of the transaction or upon the sale of the property, whichever occurs first.  See 15 U.S.C. § 1635 (f).  At the end of the three-year period, the borrower's right to rescind is "completely extinguish[ed]."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 413, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998) (noting that § 1635 (f) governs "the life of the underlying

6

right [of rescission]," as distinguished from simply limiting the time for bringing a suit, and observing that [§ 1635 (f)] "talks not of a suit's commencement but of a right's duration"). This is so even if the disclosures required under TILA are never made. Id. at 413; Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792, 190 L. Ed. 2d 650 (2015) ("Even if a lender *never* makes the required disclosures, the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." (quoting 15 U.S.C. § 1635 (f)) (emphasis in original)).

The TILA claim here is time-barred. Buczek alleges that she did not receive all of the forms and disclosures required by TILA at the time she executed the note—on April 20, 1994. (Complaint, ¶¶ 62, 63, 65.) She further alleges that she attempted to rescind these transactions under TILA by written correspondence sent on July 20, 2015, more than 21 years later. (Complaint, ¶ 69.) This attempted rescission thus came well after the three-year rescission period expired. It is therefore untimely. Because Buczek's right to rescind the note has been forever extinguished, see Beach, 523 U.S. at 413, her TILA claim must be dismissed as to each defendant for failure to state a claim upon which relief can be granted.

**B.    State Claims**

Having disposed of Buczek's federal claims, this Court finds it appropriate to decline to exercise supplemental jurisdiction over whatever state claims may be cognizable in the complaint. See 28 U.S.C. § 1367(c)(3). The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental

jurisdiction in the absence of federal claims.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view: where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well.")

Accordingly, this Court declines to exercise supplemental jurisdiction over whatever state claims may be present in Buczek's complaint.  They are instead dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

## C.    Leave to Amend

The Second Circuit has held that "a district court should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." Garcia v. Superintendent of Great Meadow Corr. Facility, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted).  Amendment would indeed

be futile here, where Buczek's rescission claim has been forever extinguished. Consequently, leave to amend will not be granted.

## IV. CONCLUSION

Buczek's TILA claim is barred by the applicable statute of repose, and therefore must be dismissed with prejudice.  Buczek's state claims, however, will be dismissed without prejudice.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Docket No. 2) is GRANTED.

FURTHER, that Plaintiff's federal claims are DISMISSED with prejudice.

FURTHER, that this Court declines to exercise supplemental jurisdiction over Plaintiff's state claims, which are DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

FURTHER, that leave to amend is DENIED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that the Clerk of Court is directed to TERMINATE all pending motions and then CLOSE this case.

SO ORDERED.


Dated:        March 26, 2017
              Buffalo, New York

                                            /s/William M. Skretny
                                             WILLIAM M.  SKRETNY
                                            United States District Judge